UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

REGGIE MOORE,

       Plaintiff,

  -v-                                    No.  06 Civ. 12896 (LTS)(DFE)

RICHARD BIRMINGHAM, DEBORA STEWARD
and REKHA SHAH, in their individual and
official capacities,

       Defendants.
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Reggie Moore ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 and also asserts various state law claims.  Plaintiff asserts that Defendants Richard Birmingham, Rekha Shah and Debora Steward (collectively, "Defendants") violated his constitutional rights in connection with the March 2005 revocation of his New York State parole, which resulted in approximately 15 months of imprisonment.  Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's state law statutory claims pursuant to 28 U.S.C. § 1367.

The Court has considered thoroughly Defendants' submission and the Amended Complaint.[1]  For the following reasons, Defendants' motion to dismiss the Amended Complaint is

---

[1] The motion was filed on June 17, 2008.  In a letter dated July 15, 2008, Plaintiff requested a 90-day extension of time in which to file his opposition papers, and the Court set September 30, 2008, as the deadline.  No opposition papers have been received to date, nor has the Court received any subsequent communication from Plaintiff.  Therefore, the Court deems the motion fully briefed.

granted.

## BACKGROUND

The Complaint, construed liberally, alleges the following relevant facts, which are taken as true for purposes of this motion practice.

*The Parole Revocation Proceeding and Decision*

In 2005 Plaintiff, who was on parole at the time, was charged with failing to report to his parole officer. He subsequently appeared at a parole revocation hearing on March 14, 2005, at Rikers Island Judicial Center. (Am. Compl. at 1, 4.) Defendant Administrative Law Judge ("ALJ") Richard Birmingham ("Birmingham") presided over the hearing.

Defendant Debora Steward ("Steward") was the Parole Specialist with the New York State Division of Parole who prosecuted the parole revocation proceeding. Plaintiff asserts that Steward's course of conduct in prosecuting the parole violation charges violated his rights under the Eighth Amendment to the Constitution. Steward falsely represented to ALJ Birmingham that Plaintiff was a "category one" parolee when Plaintiff was actually a "category three" parolee, when Steward knew or should have known that Plaintiff was a category three parolee. Category one parolees faced harsher sentences as a result of parole violations compared with parolees in other categories. These misrepresentations were part of a pattern of "vindictive" behavior towards Plaintiff, as Steward continued to misrepresent various facts relating to his parole status or alleged violations on subsequent occasions.

Birmingham revoked Plaintiff's parole and sentenced him to 18 months of imprisonment, based in part on a finding that Plaintiff was a category one parolee. Only a finding

that Plaintiff was a category one parolee could have supported a sentence of that length. The record of the proceeding does not, however, reflect any information as to a conviction that would have put Plaintiff in category one status.

Plaintiff did not receive a written notice of the decision. As a result, Plaintiff was unable to appeal the decision through the administrative process.

*Plaintiff's State Court Habeas Petition; Claim Against Defendant Shah*

On August 17, 2005, Plaintiff filed a petition for a writ of habeas corpus in the Supreme Court of New York, County of St. Lawrence, against the superintendent of the facility in which he was imprisoned and the New York State Division of Parole, seeking immediate release from imprisonment due to the lack of notice of the revocation decision. (Am. Compl. Ex. 1.)

In their original and supplementary papers in opposition to the petition, the respondents proffered affidavits from Defendant Rekha Shah ("Shah"), who was employed at the time in the New York City Parole Violation Unit of the New York State Division of Parole. The affidavits purported to explain computer printouts allegedly documenting service of notice of the parole revocation decision on Plaintiff and on the attorney who had represented him in the parole revocation proceeding. The state court rejected the affidavits and computer printout as insufficient to support a presumption that Plaintiff actually received notice of the parole revocation decision. The state court concluded:

> Despite the fundamental, constitutional nature of petitioner's entitlement to prompt receipt of the Parole Revocation Decision notice, the respondents continue to attempt to prove such receipt by a presumption arising out of a one-size-fits-all, boilerplate-laden computer printout all but devoid of specific detail . . . . This Court finds that . . . reliance on such a generic record inspires little confidence that there is a likelihood that a Parole Revocation Decision Notice is always properly addressed and mailed.

(Am. Compl. Ex. 5 at 5-6.)

Because the only mention of Defendant Shah in Plaintiff's Complaint in this action consists of a copy of the state court's decision on the habeas corpus petition in which her affidavits are discussed, it appears that Plaintiff's claim against Shah is based solely on her actions as an affiant in the habeas corpus proceeding.

The state court granted Plaintiff's petition and ordered his immediate release on May 12, 2006, finding that Plaintiff likely did not receive notice of the parole revocation decision, in violation of Plaintiff's Fourteenth Amendment procedural due process rights as articulated by Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (individual facing parole revocation must receive, inter alia, "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole"),[2] and in violation of New York Executive Law § 259-i(3)(f)(xi) and 9 N.Y.C.R.R. § 8005.20(f), which require that notice of parole revocation decisions and their reasoning be provided to both the parolee and his counsel. (Id. Ex. 5.)

*The Instant Action*

Plaintiff filed the Amended Complaint on March 4, 2008, asserting violations of the Eighth[3] and Fourteenth Amendments to the United States Constitution, New York Executive Law Section 259-i(3)(f)(xi) and 9 N.Y.C.R.R. § 8005.20(f), seeking money damages arising from the approximately 15 months of imprisonment arising from the revocation of parole. Defendants thereafter moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6).

---

[2] The state court decision cited People ex rel. Sumter v. O'Connell, 10 A.D.3d 823, 825 (3d Dep't 2004), which in turn cited Morrissey.

[3] Plaintiff alleges an Eighth Amendment violation only with respect to Steward.

DISCUSSION

In considering a motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., Inc., 147 F.3d 184, 188 (2d Cir. 1998); Torres v. Mazzuca, 246 F. Supp. 2d 334, 338 (S.D.N.Y. 2003). This rule "applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Fernandez v. Chertoff, 471 F.3d 45, 52 (2d Cir. 2006). Moreover, complaints prepared by pro se plaintiffs should be construed liberally, held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), and interpreted "to raise the strongest arguments that they suggest." Knight v. Keane, 247 F. Supp. 2d 379, 383 (S.D.N.Y. 2002) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Specific facts are not necessary so long as the pleading "give[s] the defendants fair notice of what the claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) and Fed. R. Civ. P. 8(a)(2)).

Nonetheless, a pleader must also "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The complaint "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Torres, 246 F. Supp. 2d at 338 (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

*New York State is Entitled to Immunity Under the Eleventh Amendment*

The Court construes the Amended Complaint as being brought against the named Defendants in both their individual and official capacities.  See Frank v. Relin, 1 F.3d 1317, 1326 (2d Cir. 1993) ("a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.").  However, Plaintiff's claims must be dismissed insofar as they are being asserted against the named Defendants in their official capacities.  Because Defendants Shah and Steward are alleged to be employees of the New York State Division of Parole[4] and because the only reasonable inference that may be drawn from the Amended Complaint is that Defendant Birmingham is also an employee of New York State, the claims brought against them in their official capacities are brought against New York State.  See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent").

The State of New York is immune from a suit for money damages under the Eleventh Amendment to the United States Constitution.  See Kentucky v. Graham, 473 U.S. 159, 167 (1985) (precluding Section 1983 claim against a state, noting, "the Eleventh Amendment bars a damages action against a State in federal court.  This bar remains in effect when State officials are sued for damages in their official capacity.").  Therefore, Defendants' motion is granted as to

---

[4]   While Defendant Shah is alleged to work in the New York City Parole Violation Unit, that unit is alleged to be part of the New York State Division of Parole, not a standalone entity of New York City or any part of any New York City agency.  In any case, in reviewing thoroughly the allegations of the Amended Complaint, it is clear that, to the extent Plaintiff's claims are brought against a governmental entity, Plaintiff is directing his claims at the state of New York; specifically, the New York State Division of Parole.

Plaintiff's claims against the Defendants in their official capacities.

*Defendant Birmingham is Entitled to Absolute Immunity*

Plaintiff alleges that Defendant Birmingham's finding that Plaintiff was a category one parolee lacked any basis in the record. This claim must be dismissed, as Defendant Birmingham is entitled to absolute immunity from suits seeking money damages premised on the findings he made as an ALJ. "[O]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1990). This immunity extends to administrative officials performing functions closely associated with the judicial process, including officials who preside over parole revocation hearings. As the Second Circuit has held:

> If parole board officials, like judges, were to fear adverse consequences from their parole decisions, they would experience great difficulty in rendering impartial decisions, a responsibility essential to the proper functioning of the penal system. . . . For these reasons, we . . . hold directly that parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole.

Id. at 760-61. Therefore, Defendants' motion to dismiss is granted as to Plaintiff's claims against Defendant Birmingham in his individual capacity.

*Defendant Steward is Entitled to Absolute Immunity*

Plaintiff alleges that Defendant Steward deliberately or recklessly misrepresented to ALJ Birmingham at the March 2005 parole revocation hearing that Plaintiff was a category one parolee when in fact he was a category three parolee, leading the ALJ to impose a lengthier term of incarceration than would have otherwise been called for. Defendant Steward is, however, also

entitled to absolute immunity for these alleged misrepresentations.  State officials "are absolutely immune from liability under Section 1983 for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process."  Burns v. Reed, 500 U.S. 478, 486 (1991) (citations and quotation omitted).  This form of absolute immunity is rooted in the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust."  Id. at 485 (quoting Imbler v. Pachtman, 424 U.S. 409, 423 (1976).

"Parole officers also receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature."  Scotto v. Almenas, 143 F.3d 105, 112 (2d Cir. 1998).  The rule of absolute immunity applies to such prosecutorial acts regardless of the wrongfulness of the alleged actions, including the deliberate or reckless presentation of false testimony.  See Burns, 500 U.S. at 485 ("this immunity extend[s] to the knowing use of false testimony before the grand jury and at trial").[5]  In this case, the allegedly deliberate or reckless misrepresentations were made by Steward in the course of presenting the case for revocation to ALJ Birmingham.  Such acts are therefore protected by absolute immunity, and Defendants' motion is granted as to Plaintiff's claims against Defendant Steward in her individual capacity.

---

[5]   See also Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) ("in cases, such as the present one, in which a plaintiff plausibly alleges disgraceful behavior . . . , the application of this doctrine is more than disquieting. . . .  Nevertheless, the doctrine is well-established and has been held to be needed to preserve the integrity of the judicial process and to enable zealous performance of prosecutorial duties without the constant threat of legal reprisals") (citations and quotations omitted).

*Plaintiff Fails to State a Claim Against Defendant Shah*

Although Shah submitted affidavits in the state habeas proceeding concerning the computer printout and the Division of Parole's notice procedures, nothing in the state habeas decision suggests that Shah had been involved in failing to transmit notice of the parole revocation decision to Plaintiff.  As there is no allegation that Shah herself prevented Plaintiff from receiving notice of the parole revocation decision and there is no claim asserted that the habeas corpus proceeding violated Plaintiff's rights in any way, there is no plausible Fourteenth Amendment violation pleaded in the Amended Complaint as against Shah.  The Amended Complaint will therefore be dismissed as against Defendant Shah in her individual capacity.

*State Law Claims*

To the extent that Plaintiff seeks damages pursuant to Section 1983 for Defendants' alleged violations of New York Executive Law Section 259-i(3)(f)(xi) or 9 N.Y.C.R.R. § 8005.20(f), such claims are dismissed, since Section 1983 only provides a remedy for violations of federal law or the Constitution of the United States.  See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . .").  To the extent that Plaintiff's suit asserts independent state law claims against Defendants under New York Executive Law Section 259-i(3)(f)(xi) or 9 N.Y.C.R.R. § 8005.20(f), the Court, having dismissed Plaintiff's federal claims, declines pursuant to 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction of the state claims.

## CONCLUSION

Plaintiff's federal claims in this action are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. Defendants' motion to dismiss the Amended Complaint is, accordingly, granted. The Clerk of Court is respectfully requested to terminate docket entry no. 29, enter judgment in Defendants' favor, and close this case.

SO ORDERED.

Dated:   New York, New York
         February 11, 2009

                                                    /s/ _____
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge